UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE HOPPING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LORIN EDWARD SCHELL, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-01623-TLN-JDP (PS) <br><br> ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING THEIR MOTION FOR AN ORDER TO SHOW CAUSE <br><br> ECF Nos. 2 & 11 <br><br> FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR LACK OF JURISDICTION <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

This case was opened when plaintiffs Stephanie Hopping and Diana Hopping filed a document styled as a notice of removal, asking the court to issue an order transferring to this district a state probate case that was adjudicated in 2016. ECF No. 1. Plaintiffs have not properly removed a state action to this court, and I therefore construe their notice as a complaint.[1] So

---

[1] I take judicial notice of the state court docket in *In re: Estate of Monteserrat Schell*, No. 2014-0000489 STK-PR-EST—the case that plaintiffs seek to remove—which is available on the San Joaquin County Superior Court's website. *See M Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of a docket for a case filed in a different tribunal). The docket shows that the state court entered judgment in 2016, and that plaintiffs did not file a notice of removal with the state court, which would be necessary to effect removal. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil

construed, I recommend that it be dismissed for lack of jurisdiction.  I will also grant their motion to proceed *in forma pauperis*.[2]

### Screening and Pleading Requirements

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

action the defendant or defendants . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").  Furthermore, plaintiffs are mistaken that removal is proper under 28 U.S.C. § 1446(a) since neither plaintiff was a defendant in the state case.  *See* 28 U.S.C. § 1446(a) (permitting a defendant or defendants to remove a civil action).

[2] Plaintiffs have also filed a motion asking the court to order defendants to show cause why they should not be required to return certain property to plaintiffs.  ECF No. 11.  Because the complaint should be dismissed without leave to amend, I will deny that motion as moot.

2

**Analysis**

Plaintiffs allege that their mother (the "decedent") traveled to Spain in 2007 with her third husband, defendant Lorin Schell, after receiving a cancer diagnosis. ECF No. 1 at 5. The purpose of the trip was to create her will, which allegedly left all of the decedent's property to her four children—plaintiffs and their two siblings, Damien Hopping and Nicholas Hopping. *Id*. In 2014, after the decedent's death, Schell, who was executor of the decedent's estate, filed in a probate action pending before the San Joaquin County Superior Court "an unverified holographic codicil written in Spanish." *Id*. at 6. He also allegedly filed a translated version of the codicil, which "was disputed by [plaintiffs'] verified translations." *Id*.

Plaintiffs claim that the state court judge, defendant Lesliey Holland, "allowed a faulty translation of the handwritten codicil to be used, breaking the International Wills Act by giving away" property located in Spain. *Id*. They also allege that Judge Holland improperly disregarded the decedent's 2007 will, which was registered with Spain's Ministry of Justice, and failed to ensure a complete accounting of the estate's assets. *Id*. at 6-7. Plaintiffs appear to allege that Judge Holland, Schell, and numerous other individuals violated the Racketeer Influenced and Corrupt Organizations Act by engaging in a conspiracy to defraud plaintiffs and their siblings of assets they were entitled to receive under the decedent's 2007 will.[3] *Id*. at 8-9.

Plaintiffs' complaint cannot proceed. As a threshold matter, plaintiffs purport to assert claims on behalf of their two siblings, Damien Hopping and Nicholas Hopping. Since plaintiffs are proceeding pro se, they cannot assert claims on behalf of their siblings.[4] *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself . . . .'"); *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008) (holding that a non-attorney plaintiff may not attempt to pursue claims on behalf of others

---

[3] The complaint's caption identifies dozens of defendants, most of whom are not referenced in the complaint.

[4] The compliant is also signed by attorney Karla Gottschalk, who claims to be acting as *amicus curiae*. Ms. Gottschalk does not purport to represent plaintiffs and is not admitted to practice in this district. Accordingly, I construe the complaint as brought only by Stephanie Hopping and Diana Hopping, who have both signed verifications that are attached to the complaint.

in a representative capacity).

More fundamentally, plaintiffs seek to challenge proceedings before, and a judgment entered by, a state court. A federal court does not have jurisdiction to review state court decisions. Under the *Rooker-Feldman* doctrine, federal courts cannot adjudicate constitutional claims that "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief]." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The doctrine bars federal courts from adjudicating claims that seek to redress injuries allegedly resulting from state court decisions, even if a party contends that a state judgment violated his or her federal rights. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S. at 486 ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

Accordingly, plaintiffs' complaint must be dismissed for lack of jurisdiction. Given that the jurisdictional deficiencies cannot be cured by amendment, I recommend dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' motion to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiffs' motion for an order to show cause, ECF No. 11, is denied as moot.

Further, it is RECOMMENDED that:

1. Plaintiffs' complaint be dismissed without leave to amend.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 28, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5